Albin v. Concord District Court       CV-00-012-JD   09/29/00
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


William J. Albin

     v.                                Civil No. 00-12-JD
                                       Opinion No. 2000 DNH 209
Concord District Court


                            O R D E R


     William J. Albin, appearing pro se, petitions for a writ of

habeas corpus pursuant to 28 U.S.C.A. § 2254, challenging the

procedures used by the New Hampshire Supreme Court in declining

his appeal from his conviction on charges of driving while

intoxicated.[1]  Albin contends that he is entitled to relief

pursuant to § 2254(d)(1) because the state supreme court's

discretionary appeal procedure does not comport with the

requirements of due process.  The respondent moves to dismiss the

petition on the grounds that the challenged procedures were

neither contrary to nor an unreasonable application of clearly

established federal law as determined by the Supreme Court.[2]

_____

     [1]Although Albin names the clerk of the Concord District
Court as the respondent, it appears that the appropriate
respondent is the Attorney General of the State of New Hampshire.
See Rules Governing § 2254 Cases, Rule 2(b).  Since the office of
the Attorney General has responded, an amendment of the petition
in this case is not necessary.

     [2]Since the respondent has filed an answer, the motion to
dismiss is more properly considered as a motion for judgment on
the pleadings.  See Fed. R. Civ. P. 12(c).

## Background

Albin was tried and convicted by a jury in Concord District Court on charges of driving while intoxicated, second offense, in violation of N.H. Rev. Stat. Ann. ("RSA") § 265:82. He received a jail sentence and a fine, and his driver's license was revoked for four years. Before trial Albin moved unsuccessfully to exclude evidence of a prior conviction in Alaska, for driving while intoxicated, on the grounds that the documents were not properly authenticated and other evidence of the conviction was not admissible.

Following his conviction, Albin, represented by counsel, filed a notice of appeal contending that the trial court erroneously admitted evidence of the Alaska conviction.[3] The New Hampshire Supreme Court issued an order directing the state to show cause why the appeal should not be accepted. In response, the state filed a six-page memorandum that addressed the issues raised on appeal and asked the court to summarily affirm Albin's conviction.

On August 18, 1999, the state supreme court issued an order

---

[3]In particular, Albin argued that the trial erred in admitting the evidence because it was not authenticated and because there was evidence that the uncounseled plea was not knowingly entered and lacked an acknowledgment and waiver of rights form.

2

declining the appeal under New Hampshire Supreme Court Rule 7(1).[4]  Albin moved for reconsideration on the grounds that he should be permitted an opportunity to persuade the court to accept his appeal based on a transcript of the trial and that the court should accept his appeal in order to review his case on the merits.  Albin also filed a pro se motion for reconsideration in which he raised an issue of ineffective assistance of counsel. The state supreme court denied both motions for reconsideration.

## Discussion

In his petition for habeas relief, Albin contends that he was denied due process of law in violation of the Fourteenth Amendment because the New Hampshire Supreme Court declined his appeal without first providing him with a transcript of his trial and without permitting him a meaningful opportunity to be heard. Albin argues that he is entitled to habeas relief pursuant to 28 U.S.C.A. § 2254(d)(1).  The respondent moves to dismiss the

---

[4]New Hampshire does not provide an appeal as of right to a criminal defendant.  Instead, New Hampshire's appellate review system consists of a single-tiered discretionary appeal to the state supreme court.  An appeal is initiated with a notice of appeal on a form provided in the appendix to the court rules. See N.H. Supr. Ct. R. 7.  The court may accept or decline an appeal, in its discretion, and a declination of the appeal is not a decision on the merits.  See State v. Cooper, 127 N.H. 119, 124-25 (1985).

petition on the grounds that Albin cannot meet the requirements of § 2254(d)(1).

To succeed on a claim for habeas relief under § 2254(d)(1) the petitioner must prove that the state court adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. "[A] state court acts contrary to clearly established law if it applies a legal rule that contradicts [the Court's] prior holdings or if it reaches a different result from one of [the Court's] cases despite confronting indistinguishable facts." Ramdass v. Angelone, 120 S. Ct. 2113, 2119-20 (2000) (citing Williams v. Taylor, 120 S. Ct. 1495 (2000)). A decision is an unreasonable application of the law if, despite correctly identifying the governing legal precedent, the state court applied the law unreasonably to the facts of the case. See Williams, 120 S. Ct. at 1520. An unreasonable application of the law is different from an incorrect application, but the parameters of unreasonableness have not been defined by the United States Supreme Court (Supreme Court). See id. at 1522; Werts v. Vaughn, 2000 WL 1281114, at *12 (3d Cir. Sept. 8, 2000); Francis S. v. Stone, 221 F.3d 100, 110 (2d Cir. 2000).

Citing Evitts v. Lucey, 469 U.S. 387 (1985), Ake v. Oklahoma, 470 U.S. 68 (1985), and Ross v. Moffitt, 417 U.S. 600

4

(1974), Albin contends that the Supreme Court has clearly established that once a state provides a system for appellate review, that system must comport with the requirements of due process.  He argues that the state's failure to provide him with a transcript to use in preparation of his notice of appeal and the lack of opportunity to convince the state supreme court to accept his appeal violated clearly established law.  Albin relies heavily on the analysis of New Hampshire's appellate procedure in Bundy v. Wilson, 815 F.2d 125 (1st Cir. 1987).

In Bundy, the First Circuit analyzed New Hampshire's appellate procedure in light of a host of Supreme Court cases, including those cited by Albin here, and determined that the due process requirements for appellate review applied to New Hampshire's single-tiered discretionary appellate system.[5]  See Bundy, 815 F.2d at 130.  The court held that due process required a criminal appellant to be provided an opportunity to participate meaningfully in the proceeding including having access to a transcript when the appellant's claims arise out of the events at trial and an opportunity to persuade the court to accept the

_____

[5]Neither the First Circuit in Bundy, nor the Fourth Circuit, considering West Virginia's discretionary system, found that a discretionary system was per se insufficient as long as the system otherwise comported with due process.  See Billotti v. Legursky, 975 F.2d 113, 115016 (4th Cir. 1992); Bundy, 815 F.2d at 130.

5

appeal.  See id. at 130-31, 134, 135.  The court concluded that the lack of transcripts and the inadequacy of the notice of appeal form used in the appellants' cases entitled them to habeas relief unless they were provided an adequate opportunity to persuade the court to accept their appeals.  See id. at 136.

Since Bundy was decided, the requirements for habeas relief have changed.  See Williams, 120 S. Ct. at 1518.  In addition, as the respondent points out, Bundy is not a Supreme Court case, and therefore, its holdings do not provide a cognizable standard for purposes of § 2254(d)(1).  See Williams, 120 S. Ct. at 1523.

The Supreme Court has ruled that while a state is not constitutionally required to provide an appeal from a criminal conviction, if a state creates a system of appellate review as "'an integral part of the system for finally adjudicating the guilt or innocence of a defendant,' the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution."  Evitts, 469 U.S. at 393 (quoting Griffin v. Illinois, 351 U.S. 12, 18 (1956)); accord Smith v. Robbins, 120 S. Ct. 746, 759-60 (2000).  Due process requires that a criminal appellant be afforded "an adequate opportunity to present his claims fairly in the context of the State's appellate process."  Ross, 417 U.S. at 616.  Stated in other terms, due process requires that an appeal not be

6

decided arbitrarily without regard to the merits.  See Evitts, 469 U.S. at 405.

It is clearly established in Supreme Court precedent that a criminal appellant is entitled to due process protection when the state provides a first appeal as of right, but is not entitled to full due process protection in subsequent discretionary appeals.  See, e.g., M.L.B. v. S.L.J., 519 U.S. 102, 112 (1996); Lewis v. Casey, 518 U.S. 343, 368-73 (1996) (Thomas, J. concurring); Coleman v. Thompson, 501 U.S. 722, 756 (1991); Evitts, 469 U.S. at 392-93; Ross, 417 U.S. at 609-14.  The Supreme Court has not addressed an appellate system, such as New Hampshire's, where the only appeal procedure that is provided is discretionary.  Clearly established precedent does not exist as to whether a discretionary system constitutes "an integral part of the system for finally adjudicating the guilt or innocence of a defendant," which would require due process protection.  Evitts, 469 U.S. at 393 (internal quotation omitted).

Since the issue presented in this case, whether and to what extent an entirely discretionary appellate system is subject to due process requirements, is unresolved by the Supreme Court, the New Hampshire Supreme Court's decision to deny Albin's appeal under the discretionary system was not contrary to established Supreme Court precedent.  Because New Hampshire's discretionary system presents a material variation from the appeal as of right

7

systems that have been considered by the Supreme Court, Albin's entitlement to habeas relief depends on whether the state supreme court's decision was an unreasonable application of the law due to a failure to extend clearly established principles to its discretionary system.[6] However, even if the due process requirements established in Supreme Court precedent for appeal as of right systems were applied by extension to New Hampshire's discretionary system, the challenged procedure was not an unreasonable application of the law.

Albin contends that the New Hampshire Supreme Court's failure to provide him with a transcript violated due process. Supreme Court precedent requires only that an indigent criminal appellant have access to an adequate report of the parts of the proceedings that are germane to his appeal. See Draper v. Washington, 372 U.S. 487, 495 (1963); see also Bundy, 815 F.2d at 135. Albin's appeal issues challenged the trial court's decision, denying Albin's motion in limine, to admit records of his prior conviction in Alaska. The disputed documents were appended to the notice of appeal. His trial counsel, who was

---

[6]Several circuits have noted that it remains unclear whether a state court's unreasonable refusal to extend clearly established Supreme Court precedent to a new context would constitute "unreasonable application" for purposes of § 2254(d)(1). See, e.g., Lurie v. Wittner, 2000 WL 1399149, at *14-15 (2d Cir. Sept. 29, 2000) (discussing cases).

8

familiar with both the motion in limine proceedings and the trial, prepared the notice of appeal. Albin has not shown in what way a transcript or an alternative report of any of the proceedings would have been germane to the evidentiary issues he raised on appeal.

Albin's alternative argument, that he needed a trial transcript to permit his appellate counsel to screen the proceedings for other potential claims to be briefed on appeal, is unavailing. To the extent New Hampshire Supreme Court Rule 16(3)(b) would allow new issues to be presented in an appellant's brief, as Albin argues, that opportunity would arise, if at all, only after the appeal was accepted for briefing. Since Albin's appeal was declined, his theory does not apply to the circumstances of his case.

Albin also contends that New Hampshire's notice of appeal form failed to provide a sufficient opportunity for him to persuade the state supreme court to accept his appeal. The notice of appeal form appears to have been amended since the Bundy court found, in 1987, that the form was constitutionally deficient. In Bundy, the court noted that the form required only four sections: a brief description, the pertinent statute, questions raised on appeal, and a list of supporting cases. See Bundy, 815 F.2d at 128-29, 134. The court concluded that the form discouraged appellants "from attempting to persuade the

9

state supreme court to hear their appeals" and did not provide a sufficient opportunity for a criminal appellant to present his case. Id. at 134.

While the notice of appeal form used by Albin retained an emphasis on brevity, the form included a request for a

> DIRECT AND CONCISE STATEMENT OF THE REASONS WHY A SUBSTANTIAL BASIS EXISTS FOR A DIFFERENCE OF OPINION ON THE QUESTIONS AND WHY THE ACCEPTANCE OF THE APPEAL WOULD PROTECT A PARTY FROM SUBSTANTIAL AND IRREPARABLE INJURY, OR PRESENT THE OPPORTUNITY TO DECIDE, MODIFY, OR CLARIFY AN ISSUE OF GENERAL IMPORTANCE IN THE ADMINISTRATION OF JUSTICE.

The form also permitted legal memoranda to be submitted with prior approval of the court clerk. Neither of those opportunities were apparently included in the version of the notice of appeal form reviewed in Bundy.

In the space provided for his statement, Albin explained that the appeal would protect him from an irreparable and unjust conviction because improper evidence was used against him. He also cited two state cases, pertaining to the identification and authentication of evidence, which he contended required clarification by the supreme court. He did not use all of the space provided for his statement, nor does it appear that he sought approval to file a memorandum. Albin did append a copy of his motion in limine, filed by counsel, which includes legal argument.

Since the notice of appeal form provided more space than

10

Albin needed to argue his case and since he did not seek to augment his statement with a memorandum, Albin has not shown that the supreme court's notice of appeal procedure deprived him of an adequate opportunity to argue his case. In Albin's case, the notice of appeal procedure conformed to at least minimal due process requirements that appellants be afforded "'an adequate opportunity to present their claims fairly within the adversary system.'" Bundy, 815 F.2d at 130 (quoting Ake v. Oklahoma, 470 U.S. 68, 77 (1985)).

The New Hampshire Supreme Court's show cause order to the state, which merely elicited a response to Albin's notice of appeal, did not infringe on Albin's opportunity to present his case. Further, Albin has not shown, or even argued, that he objected to the show cause order or attempted to respond to the state's memorandum and was denied the opportunity. Instead, Albin raised the issue of the state's memorandum, along with other issues pertinent to his appeal, in his motion for reconsideration after the court declined to accept his appeal. The state supreme court's decision to deny acceptance of the appeal does not appear to constitute an unreasonable application of Supreme Court precedent.

The standard required to grant an application for a writ of habeas corpus under § 2254(d)(1) is demanding. In this case, it does not appear that the New Hampshire Supreme Court's actions

11

with respect to Albin's notice of appeal were either contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Therefore, Albin is not entitled to relief through a writ of habeas corpus pursuant to § 2254(d)(1).

<u>Conclusion</u>

For the foregoing reasons, the respondent's motion to dismiss the application for a writ of habeas corpus (document no. 11) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

September 29, 2000

cc:   William J. Albin, pro se
      Neals-Erik W. Delker, Esquire

12